CHRISTOPHER C. DEMARY, APPELLANT, V. JENS A. CARLSON ET AL., COUNTY COMMISSIONERS OF HOWARD COUNTY, APPELLEES.

FILED MAY 3, 1899. No. 8845.

1. **Section-Line Roads.** By section 46, chapter 78, Compiled Statutes 1897, all section lines are declared to be public roads, and the county board of each county, acting within its jurisdiction, may, whenever the public good requires it, open such roads to travel and cause obstructions thereon to be removed.

2. **Conflicting Evidence:** REVIEW. A finding of the district court upon conflicting evidence will not be disturbed unless clearly wrong.

APPEAL from the district court of Howard county. Heard below before KENDALL, J. *Affirmed.*

*Bell & Robinson*, for appellant.

*Frank J. Taylor* and *J. N. Paul*, contra.

SULLIVAN, J.

In 1874 Mr. Tyler acquired a pre-emptive title to the south half of the southwest quarter and the southwest quarter of the southeast quarter of section 8, township 13 north, range 9 west of the sixth principal meridian, in Howard county. The government survey of the section was made in 1867. In 1876 Robert Harvey, county surveyor, re-established the quarter corner on the southern boundary of the section, and in doing so followed the directions indicated in the field-notes of the government survey. This resulted in locating the corner about six rods north of a direct line between the southeast and southwest corners of the section. In 1877 Tyler transferred his pre-emption to Christopher C. Demary, who has ever since occupied the premises as a family homestead. In the spring of 1885 Demary employed Thompson McNabb, the then county surveyor, to run the south line of section 8 with the view of establishing thereon a public road. McNabb, instead of following the government field-notes, found the government corners of the section and ran a straight line between them. On this survey the road, without any affirmative action on the part of the public authorities, was opened for travel, and along its northern line Demary planted trees and set out an Osage orange hedge. In 1894 the appellees, having conceded jurisdiction in such matters, were proceeding to open a road along the line of the Harvey survey, when appellant brought this action against them to obtain a perpetual injunction. The issues joined were tried to the court and a judgment rendered in favor of the defendants. The plaintiff brings the record here for review by appeal.

There is no question of estoppel raised by the pleadings, and, since the county board had undoubted authority to open all section lines for use as public roads, the only question in controversy is the true location of the south line of section 8. The finding of the trial court in favor of the defendants is sustained by sufficient evidence and

cannot be disturbed. We come reluctantly to this conclusion, because we are impressed with the strong natural equity of plaintiff's case. Owing to circumstances which it is needless to detail, the effect of the judgment is to enable Howard county to appropriate a valuable strip of Demary's land for public use without any compensation whatever. This is unfortunate, but it is unavoidable. A court of equity administers relief only in conformity with settled principles. It cannot interfere in every case where injustice has been done or is threatened. The chancellor's conscience is not the law of the land. The judgment is

AFFIRMED.

HARRISON, C. J., not sitting.